180423.1

Milton Springut, Esq. (MS6571)
Tal S. Benschar, Esq. (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
Tel: (212) 813-1600
Fax: (212) 813-9600

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

VAN CLEEF & ARPELS LOGISTICS, S.A. and    :
VAN CLEEF & ARPELS, INC,                   :
                                           :    Civil Action
                Plaintiffs,                :
                                           :    No. 08-7073
                                           :
            v.                             :
                                           :
JERI COHEN JEWELRY, INC;                   :
and JOHN DOES 1-10,                        :
                                           :
                Defendants.                :
-------------------------------------------------------------x

## ORDER TO SHOW CAUSE BRINGING ON A MOTION
## FOR A PRELIMINARY INJUNCTION
## AND FOR EXPEDITED DISCOVERY

Upon the Complaint and the accompanying declarations of Kristen Scanlon and Tal S.

Benschar, Esq. and Memorandum of Law, it is hereby

ORDERED that defendant Jeri Cohen Jewelry, Inc. show cause before the Honorable

Shira A. Scheindlin, United States District Judge, United States District Court for the Southern

District of New York, at the United States Courthouse, 500 Pearl Street, New York, New York,

in Court Room 15C, at 5 :00 o'clock p .m., on the 15th day of September

2008, or as soon thereafter as counsel may be heard, why a preliminary injunction, pursuant to

Rule 65, Fed.R.Civ.P., should not be issued enjoining Defendant, its officers, agents, servants,

employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, pending the final hearing and determination of this action, from copying or distributing, selling, offering for sale or advertising copies of the VINTAGE ALHAMBRA JEWELERY DESIGN as defined in Schedule A herein below; and it is further

ORDERED that such Defendant show cause why an order providing for expedited discovery as follows not be entered:

Defendant shall provide expedited discovery to Plaintiffs as follows:

1.    Within ten (10) business days of the entry of the order, Defendant shall provide for inspection and copying as per Rule 34 of the Federal Rules of Civil Procedure all documents listed on the attached Schedule A.

2.    Within fifteen (15) business days of the entry of the order, Defendant shall appear for deposition, pursuant to Rules 30(b)(1) and 30(b)(6) of the Federal Rules of Civil Procedure, with respect to the subject matters listed in the attached Schedule A; and it is further.

ORDERED that this ORDER TO SHOW CAUSE, along with the Summons, Complaint and all other papers in support of Plaintiffs' motion for a preliminary injunction be served upon Defendant within two (2) business days of the date hereof (to the extent not already served); and it is further

ORDERED that answering papers, if any, be filed with this Court and served upon Plaintiffs' counsel, Kalow & Springut LLP, at its offices at 488 Madison Avenue, New York, New York 10022, on or before August 27, 2008, at 5:00 o'clock p.m; and its is further

2

ORDERED that reply papers, if any, be filed with this Court and served upon Defendant or their counsel on or before September 3, 2008, at 5 _AM_ o'clock _p_.m.

Shira A. Scheindlin, U.S.D.J.

Dated: August 13, 2008
New York, New York

## SCHEDULE A

### Definitions

      1.      The Uniform Definitions in Discovery contained in S.D.N.Y. Local Civil Rule 26.3 (a copy of which is appended below) are hereby incorporated into this Schedule.

      2.      "Defendant" shall include Defendant and all their agents, servants, officers, directors and employees.

      3.      The VINTAGE ALHAMBRA JEWELERY DESIGN shall mean that jewelry design which appears thus:



### Documents To Be Produced

      1.      All documents concerning the purchase or acquisition by Defendant of any jewelry items that bear the VINTAGE ALHAMBRA JEWELERY DESIGN, including documents sufficient to identify the source(s) for such items and including any purchase invoices or receipts.

### Deposition Topics

      1.      The purchase or acquisition by Defendant or any jewelry items which bear the VINTAGE ALHAMBRA JEWELERY DESIGN.

      2.      All documents produced in expedited discovery and the search for such documents.

## Local Civil Rule 26.3

## Uniform Definitions in Discovery Requests

(a)    The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) is deemed incorporated by reference into all discovery requests. No discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d). This rule shall not preclude (1) the definition of other terms specific to the particular litigation, (2) the use of abbreviations, or (3) a more narrow definition of a term defined in paragraph (c).

(b)    This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

(c)    The following definitions apply to all discovery requests:

        (1) **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

        (2) **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

        (3) **Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) **Identify (with respect to documents).**  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(5) **Parties.**  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors; employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) **Person.**  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) **Concerning.**  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(d)    The following rules of construction apply to all discovery requests:

(1) **All/Each**.  The terms "all" and "each" shall be construed as all and each.

(2) **And/Or**.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) **Number.**  The use of the singular form of any word includes the plural and vice versa.